**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHER DIVISION**

CINDY ARMSTRONG,

    Plaintiff,

                              Case No: 05-CV-71603-DT

v.

                              HONORABLE DENISE PAGE HOOD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATIONS**

      This matter is before the Court on Magistrate Judge Steven D. Pepe's Report and Recommendation dated May 12, 2006. Plaintiff filed an Objection to the Report and Recommendation on May 23, 2006 and Defendant filed a response.

      Plaintiff brought this action under 42 U.S.C. § 506(g) to challenge a final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits. Magistrate Judge Pepe concluded that the Administrative Law Judge must provide sufficient reasons to reject the opinions of Dr. Sachin Nagakar and Dr. Robert Newhouse, or alternatively consider Plaintiff's moderate limitations of concentration, persistence or pace or other vocationally significant mental limitations in his hypothetical question to the vocational expert. The Magistrate Judge recommended that this matter be reversed and remanded for reconsideration.

      The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion for the proper reasons. The Court agrees with the Magistrate Judge that the matter should be remanded for further findings by the Administrative Law Judge. The Court notes that the Supreme Court only recognizes two kinds of remands involving social security

cases–those pursuant to sentence four and those pursuant to sentence six of 42 U.S.C. § 405(g). Melkonyan v. Sullivan, 501 U.S. 89, 99 (1991); Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990). The Supreme Court concluded that Congress's explicit delineation in § 405(g) regarding circumstances under which remands are authorized clearly showed that Congress intended to limit the district court's authority to enter remand orders in these two types of cases. Melkonyan, 501 U.S. at 100. Sentence four allows a district court to remand in conjunction with a judgment affirming, modifying or reversing the Commissioner's decision. Id. at 99-100. Sentence six allows the district court to remand in light of additional evidence without making any substantive ruling as to the merits of the Commissioner's decision, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. Id. at 100. The Sixth Circuit has long recognized that a court may only remand disability benefits cases when a claimant establishes that new material evidence is available and shows good cause for failure to incorporate such evidence into prior proceedings. Willis v. Secretary of Health and Human Services, 727 F.2d 551 (6th Cir. 1984).

     Remand is appropriate in this case because the Administrative Law Judge applied an erroneous principle of law by failing to consider certain evidence. Because the Court is not reviewing the substantive merits of this case at this time, under § 405(g), sentence six, a judgment is not required. Schaefer v. Shalala, 509 U.S. 292, 301 (1993).

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Steven D. Pepe **[Docket No. 12, filed May 12, 2006]** is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment **[Docket No. 10, filed September 1, 2005]** is GRANTED IN PART as to Remand DENIED without prejudice as to award of benefits.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment **[Docket No. 11, filed September 22, 2006]** is DENIED without prejudice.

IT IS FURTHER ORDERED that this matter is CLOSED and REMANDED back to the Commissioner for further proceedings and findings consistent with this Order and the Magistrate Judge's Report and Recommendation. After a hearing and additional findings have been made, either party may move to reopen this action, and the Commissioner shall thereafter file with the Court any additional evidence and findings and decision, including any additional record pursuant to 42 U.S.C. § 405(g). The matter will then be referred to the Magistrate Judge for a Report and Recommendation on the additional findings, if any. The Court will then issue its decision and Judgment on the matter.

      /s/   DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: August 30, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 30, 2006, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager

3